UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| VICTOR PENA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil No. 6:18-178-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Victor Pena is an inmate at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Pena recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1; R. 6.] For the reasons set forth below, the Court will deny Pena's petition.

In 1999, a jury convicted Pena of violating and conspiring to violate the Racketeering Influenced and Corrupt Organizations (RICO) Act. *See United States v. Victor Pena*, No. 5:98-cr-265 at R. 904 (W.D. Tex. 1999). The trial court then sentenced Pena to life in prison. *See id.* at R. 1054. Pena filed a direct appeal, but the United States Court of Appeals for the Fifth Circuit affirmed the district court's judgment. *See id.* at R. 1148. Pena's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.

Pena has now filed a § 2241 petition with this Court, and he puts forth two arguments in support of his petition. [R. 1 at 1.] First, Pena claims that the trial court enhanced his sentence under § 2A1.1 of the United States Sentencing Guidelines "on the basis of Racketeering Act #13 (a robbery . . . that resulted in death) and Act #20 (the murder of Adam Tenorio by stabbing)." [R. 1 at 2.] Pena says that this enhancement raised his "offense level to 43, which called for a

mandatory sentence of life" under the then-mandatory Sentencing Guidelines. [R. 1 at 2.] Pena argues that, in light of the United States Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his life sentence "is unconstitutional" and "he is actually innocent of the sentencing enhancement." [R. 1 at 1-2.] Second, Pena claims that the trial court also determined that he was a career offender under § 4B1.1 of the Sentencing Guidelines and its residual clause. Pena argues that this enhancement "is also unconstitutional" in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2251 (2015), and *Sessions v. Dimaya*, 548 U.S. ___ (2018). [R. 1 at 10.]

Pena's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Pena cannot use a § 2241 petition as a way of challenging his underlying sentence.

To be sure, as Pena points out, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentence in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill v. Masters*, 836 F.3d 591, 600 (6th Cir. 2016).

2

This exception does not provide Pena with the relief he is seeking. First, the exception does not apply to Pena's argument that the trial court erroneously sentenced him to life in prison pursuant to the § 2A1.1 enhancement. After all, that enhancement related to Pena's offense conduct, not his criminal history and whether it could be used for purposes of a career-offender enhancement. Thus, there is simply no merit to Pena's claim that *Hill* and the Supreme Court cases he cites provides him relief from his life sentence pursuant to the § 2A1.1 enhancement. Second, while Pena argues that his "career criminal enhancement under § 4B1.1 is also unconstitutional in light of *Johnson* . . . and . . . *Dimaya*," this argument is not proper in a § 2241 petition. That is because *Johnson* and *Dimaya* both involved specific constitutional questions, not alleged changes in statutory interpretation. Thus, the *Hill* exception, which requires a petitioner to cite "a subsequent, retroactive change in *statutory* interpretation by the Supreme Court," *Hill*, 836 F.3d at 600 (emphasis added), is simply inapplicable.

In sum, Pena's § 2241 petition constitutes an impermissible collateral attack on his underlying sentence. Accordingly, it is **ORDERED** as follows:

1. Pena's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1; R. 6] is **DENIED**.
2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.
3. A corresponding Judgment will be entered this date.

This the 29th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge